+

| STATE OF MARYLAND | * | IN THE CIRCUIT COURT |
| v. | | |
| KEVIN A. SOPER (Pro Se) | * | FOR |
| Defendant | * | CECIL COUNTY |

CASE NUMBER: C-07-CR-23-000258/414

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS

Now comes Defendant, Kevin A. Soper, (Pro Se), hereby files this Motion to Dismiss pursuant to Maryland Rule 4-252(a)(3) and (d) and in support thereof states:

### I. PREAMBLE

Defendant asks (3) questions of The Court;

(1)  Can the defendant be prosecuted under Md 10-201(c)(2) where a Federal Statute covering the same conduct on Federal Property applies under The Assimilated Crimes Act.

(2)  Can the defendant be prosecuted under Md 10-402 where a Federal Statute covering the same conduct on Federal property applies under The Assimilated Crimes Act.

(3)  Does this Court have "Original Jurisdiction" to hear the alleged crimes under The Assimilated Crimes Act.

## *II. Question 1*

The Assimilated Crimes Act, 18 U.S.C. § 13, makes state law applicable to conduct occurring on lands reserved or acquired by the Federal government as provided in 18 U.S.C. § 7(3) and U.S. Const Art 1, Sec 8, Clause 17, <u>when the act or omission is not made punishable by an enactment of Congress.</u>

*Prosecutions instituted under this statute are not to enforce the laws of the state, but to enforce Federal law.* In addition to minor violations, the statute has been invoked to cover a number of

1

serious criminal offenses defined by state law such as burglary and embezzlement. However, *the Assimilated Crimes Act cannot be used to override other Federal policies as expressed by acts of Congress* or by valid administrative orders.

The conduct alleged by the State, that occurred on Federal Property, are; One count of Disorderly Conduct (Md CR, 10.201.(c)(2)) . By Federal Statute, the Assimilated Crimes Act can only be assimilated where the crime(s) alleged are "not made punishable by Federal Law". (18 CFR 13 (a) in U.S. v Sharpnack 355 US 286. *(Holding that In 1948, coincidentally with its revision of the Criminal Code of the United States, Congress finally adopted the present language. This expressly limits the assimilation to acts or omissions committed ..."not made punishable by any enactment of Congress. ... It further specifies that; "Whoever ... is guilty of any act or omission which ... would be punishable if committed or omitted within the jurisdiction of the State... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like [federal] offense and subject to a like punishment.")* and in Footnote 9;

"We do not now pass upon the effect of the Assimilated Crimes Act where an assimilated state law conflicts with a specific federal criminal statute, cf. Williams v. United States, 327 U. S. 711, or with a federal policy. Cf. Johnson v. Yellow Cab Transit Co., 321 U. S. 383; Stewart & Co. v. Sadrakula, 309 U. S. 94; Hunt v. United States, 278 U. S. 96; Air Terminal Services, Inc., v. Rentzel, 81 F. Supp. 611; Oklahoma City v. Sanders, 94 F.2d 323."


As to (1) count of Disorderly Conduct, Federal Statute( 38 US CFR Ch. 1, Title 1.218 "Security and law enforcement at VA facilities")states;

(a) Authority and rules of conduct: Pursuant to 38 U.S.C. 901, the following rules and regulations apply at all property under the charge and control of VA (and not under the charge and control of the General Services Administration) and to all persons entering in or on such property. The head of the facility is charged with the responsibility for the enforcement of these rules and regulations and shall cause these rules and regulations to be posted in a conspicuous place on the property.

and;

(b)(11) Disorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility, $250

Whereas, Md 10-201(c)(2) states,"(2) A person may not willfully act in a disorderly manner that disturbs the public peace."

The Federal and the Maryland Statutes are essentially identical. And, in fact, the Federal Statute could likely be interpreted more broadly then the Md Statute. The Federal Statute, pursuant to 38 USC 901, enacted by Congress and last amended in 2012, is specifically for Department of Veteran's Affairs properties and is superior to Md Law there.

Therefore, holding that the Assimilated Crimes Act provision in 18 USC 13(a) makes State Law applicable only *in the absence* of a closely similar Federal Statute, the Assimilated Crimes Act would be inapplicable in the case supra.

### III. Question 2

The conduct alleged by the State, that occurred on Federal property, are eight counts of Wiretap(Md. CJ.10.402). By Federal Statute"The Assimilated Crimes Act" can only be assimilated where the crime(s) alleged are "not made punishable by Federal Law". (18 CFR 13 (a) in U.S. v Sharpnack 355 US 286. *(Holding that In 1948, coincidentally with its revision of the Criminal Code of the United States, Congress finally adopted the present language. This expressly limits the assimilation to acts or omissions committed ..."not made punishable by any enactment of Congress. ... It further specifies that; "Whoever ... is guilty of any act or omission which ... would be punishable if committed or omitted within the jurisdiction of the State... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like [federal] offense and subject to a like punishment.")* and in Footnote 9;

*"We do not now pass upon the effect of the Assimilated Crimes Act where an assimilated state law conflicts with a specific federal criminal statute, cf. Williams v. United States, 327 U. S. 711, or with a federal policy. Cf. Johnson v. Yellow Cab Transit Co., 321 U. S. 383; Stewart & Co. v. Sadrakula, 309 U. S. 94; Hunt v. United States, 278 U. S. 96; Air Terminal Services, Inc., v. Rentzel, 81 F. Supp. 611; Oklahoma City v. Sanders, 94 F.2d 323."*

As to (8) counts of Wiretap, Federal Statute(18 USC Sect 2511(1)(d)) states;

"It shall *not be unlawful* under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication.

And, VHA Directive 1078(dated 11/29/2021 and not superceded) states;

"1. PURPOSE This Veterans Health Administration (VHA) directive maintains VHA policy by which members of the VHA workforce may produce and use photographs, digital images and video or audio recordings of all persons, and reinforces existing regulations covering these activities. AUTHORITY: 38 U.S.C. § 7301(b); 38 C.F.R. § 1.218; 41 C.F.R. § 102- 74.420. *NOTE: This policy specifically does not address Veterans, patients or their family members from*

3

*recording providers or employees without their permission as no federal statute or regulation prohibits such action."*

Whereas, Md 10-402 states; (a) Except as otherwise specifically provided in this subtitle it is unlawful for any person to: (1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

Both the Federal statute and the VA Directive quoted are enacted under Congressional Power as required by 18 USC 13(a) "The Assimilated Crimes Act". Limitations to incorporation have long been made by judicial decision. Two cases involving a Virginia segregation law have held that the Assimilative Crimes Act should not be construed to adopt a state law inconsistent with a policy of Congress as expressed in a civil statute, (Air Terminal Servs., Inc. v. Rentzel, 81 F. Supp.) or in a regulation issued pursuant to statutory authority.(Nash v. Air Terminal Servs., Inc., 85 F. Supp. 545 holding that "when regulations to forbid segregation on the federal enclave were issued by the Administrator, assimilation of the state segregation laws was precluded. The Rentzel opinion, however, had relied upon the regulation as only a part of a general federal policy, *and it would seem that this general policy could have been found sufficient to bar assimilation in Nash v. Air)*

Therefore, holding that the Assimilated Crimes Act provision in 18 USC 13(a) makes State Law applicable only *in the absence* of a closely similar Federal Statute, the Assimilated Crimes Act, conflicting with the superior Federal statue as well as a Federal Directive, would be inapplicable in the case supra.

## IV. Question 3

Original Jurisdiction and The Assimilated Crimes Act:

The Federal District Courts have, by Federal statute, "*Original Jurisdiction:*", "of all offenses against the laws of The United States".

18 U.S.C. § 3231 states that; "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

This would logically be concluded to mean that any "act or ommision" under The Assimilated Crimes Act is a matter of Federal Statute as the Assimilated Crimes Act does not enforce laws of a State but rather assimilates those laws into a Federal Statute for purposes of a criminal prosecution in a Federal District Court.

In United States v Johnson, The Court asserts that a state statue invoked under The Assimilated Crimes Act *becomes* a Federal Statute because The Federal Government is party to the action AND the action took place on Federal property.

United States v. Johnston, 699 F. Supp. 226 (N.D. Cal. 1988) *Prosecution under the Act, however, is not federal enforcement of state law. Rather, the assimilated state statute becomes federal law.* Johnson v. Yellow Cab Transit *228 Co., 321 U.S. 383, 389, 64 S. Ct. 622, 625, 88 L. Ed. 814 (1944); (quoting; Kiliz, 694 F.2d at 629) and also states; "as the Government points out, the policies behind the civil choice of law rules are very different from those involved in the criminal context. In diversity cases, the federal court exercises its jurisdiction because of the citizenship of the parties, not the location of the action at issue. The federal court sitting in diversity is of necessity enforcing state law, and the only question is which state's law should control. *Under the Assimilative Crimes Act, by contrast, the federal government is a party to the action, and jurisdiction is founded on the commission of an offense on federal property. Johnson v. Yellow Cab, supra.* Finally, the judicial interest in preventing forum-shopping which also underlies the civil choice of law rules, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945), *is absent in criminal prosecution under the Act*.

Also, Footnote 3 in United States v Johnson clearly states that, "[3] At the hearing, defendant's counsel disputed the federal government's exclusive jurisdiction, noting that there may be concurrent state and federal jurisdiction over some offenses on federal property. See Kleppe v. New Mexico, 426 U.S. 529, 541-43, 96 S. Ct. 2285, 2292-94, 49 L. Ed. 2d 34 (1976) (discussing concurrent jurisdiction under U.S. Const. art. I, § 8, cl. 17). Defendant has not alleged and has made no showing that this case involves concurrent jurisdiction, however. *Moreover, even if concurrent state and federal jurisdiction existed here, defendant's argument is misconceived. Even under concurrent jurisdiction, neither the prosecution nor the defense could choose its preferred forum. Concurrent jurisdiction does not allow federal prosecution in state court or state prosecution in federal court.* (relative to prosecution under The Assimilated Crimes Act regarding Federal property as Johnson's crime of felony fraud via indictment took place at a U.S. Army Depot and court "forum shopping" by the prosecutors)

Also, the Statute governing the VA Police, 38 USC Sect 902(a)(1), states that; "Employees of the Department *who are Department police officers shall*, with respect to acts occurring on Department property-

(A) *enforce Federal laws;*"

Therefore, the Veteran's Affairs Police are limited to "enforcing Federal laws" with respect to crimes occuring within their Federal property jurisdiction. This statute and the VA Policy is another indication that the crimes alleged using The Assimilated Crimes Act become Federal laws for purposes of prosecuting those crimes, rendering their jurisdiction as a Federal interest for prosecution in a Federal District Court.

In Nash v. Air Terminal Servs., Inc., 85 F. Supp. 545 (E.D. Va. 1949). The Administrator of Civil Aeronautics had not exercised his statutory power to issue regulations forbidding segregation at the Washington National Airport, a federal enclave located in Virginia. The court regarded its result of adopting the Virginia segregation statute, as consistent with its earlier decision in the Rentzel case, holding that when regulations to forbid segregation on the federal enclave were issued by the Administrator, assimilation of the state segregation laws was precluded. *The Rentzel opinion, however, had relied upon the regulation as only a part of a*

*general federal policy, and it would seem that this general policy could have been found sufficient to bar assimilation in Nash v. Air*

Finally, crimes to be prosecuted under The Assimilated Crimes Act are Federal Crimes for purposes of a criminal prosecution and having occured on Federal Property are under the Jurisdiction of The Federal District Courts by staute and precedent. This Court has no orogonal jurisdiction for purposes of prosecuting the acts alleged.

## V. Relief

As these individual questions have not been previously submitted or ruled on on the record, Defendant prays the following relief:

1) As to "Question 1", defendant prays for relief by The Court, Dismissal of the Disorderly Conduct Charges in Case Number C-07-CR-23-000258.

2) As to "Question 2", defendant prays for relief by The Court Dismissal of "Wiretap" charges in Case Numbers C-07-CR-23-000258 and C-07-CR-23-000414.

3) As to "Question 3", defendant prays for relief by The Court Dismissal of all charges alleged without prejudice with leave for the Veteran's Affairs Police to pursue the action in Federal District Court for Maryland.

### *CONCLUSION*

For the reasons as stated supra, the State's Attorney for Cecil County, Maryland, has no cause for an action herein under The Assimilated Crimes Act. Nor, respectfully, does this Court have original jurisdiction over the instant matter. Only the proper United States Attorney and United State District Court would have proper authority. Therefore, undersigned Pro Se Defendant respectfully asks the Court to GRANT Mr. Soper's Motion to Dismiss.

Defendant Pro Se Kevin A. Soper swears and affirms that the content of this motion and true and correct to the best of his belief. Respectfully Submitted, _____ _____

Kevin A Soper(Pro Se)   Date

CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that on this _____ day of _____, 2023, a copy of the foregoing Motion to Dismiss was issued via U.S. Mail to the Office of State's Attorney for Cecil County, Robert E. Sentman, Esq. 129 E. Main Street, #3, Elkton, MD 21921.

_____

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| v. | * | CIRCUIT COURT |
| KEVIN A. SOPER | * | FOR |
| Defendant | * | CECIL COUNTY |
| | * | CASE NUMBER: C-07-CR-23-000258 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendant's Motion to Dismiss in the above referenced matter, it is on this _____ day of _____, 2023, hereby:

ORDERED that Defendant's request be GRANTED, and the above referenced case number be DISMISSED.

Cecil County Circuit Court Judge: _____