**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN A. SOPER, | * |
|     *Plaintiffs*, | * |
| v. | *   No. 1:23-cv-03271-JRR |
| | * |
| STATE OF MARYLAND FOR CECIL COUNTY, | |
| | * |
|     *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, the State of Maryland, by its undersigned counsel, files this memorandum of law in support of its motion to dismiss. As discussed below, the complaint should be dismissed because the State of Maryland has concurrent jurisdiction to prosecute him for alleged crimes committed at the Perry Point Veterans Affairs Medical Center ("the VA").

**FACTS ALLEGED IN PLAINTIFF'S COMPLAINT AND RELIEF SOUGHT**

Mr. Soper was arrested by the Veteran's Administration police on January 31, 2023. (ECF 1, ¶ 1.) He was charged with disorderly conduct, pursuant to Md. Code Ann., Crim. Law § 10-201(c)(2) (LexisNexis 2021) and transported to the Cecil County Sheriff's Office for processing (*Id*.) On February 1, 2023, the State's Attorney for Cecil County added wiretap charges per Md. Code Ann, Cts. & Jud. Proc. § 10-402 (LexisNexis 2020). (ECF 1, ¶¶ 2-3.)

The criminal cases proceeded in state court. (ECF 1, ¶ 4.) Mr. Soper, through counsel and subsequently *pro se*, filed motions to dismiss the charges asserting that the state court lacked jurisdiction over the federal property. (ECF 1, ¶¶ 5-16.) These motions have been denied by the state court and the case is scheduled to proceed to trial on February 28-29, 2024. (ECF 1, ¶ 8; Plaintiff's Judicial Notice, ¶ 6.)

Mr. Soper asks this Court to order the Circuit Court for Cecil County to stay all proceedings until this Court can rule on the issue of exclusive jurisdiction. Further, Mr. Sopher asks this Court to find that jurisdiction over criminal acts that allegedly occur at the VA is within the exclusive jurisdiction of the federal government.

## ARGUMENT

Mr. Soper's assertion that the state court lacks jurisdiction over crimes that occur at the VA is erroneous. Mr. Soper bases his belief on the Assimilated Crimes Act, 18 U.S.C. § 13 (the "ACA"). The ACA the federal government with the ability to prosecute a crime that occurs on federal property with a state law if there is no federal law which addresses the action. Effectively, the state statute is assimilated as a federal law. The ACA does "not contemplate selective incorporation of state criminal law." *United States v. Kelly*, 989 F.2d 162, 164 (4th Cir. 1993) (internal quotations and citations omitted). Instead, the ACA requires federal courts to assimilate state offenses and punishments unless doing so conflicts with a federal policy. *United States v. Ruiz*, No. CR 3:23MJ28, 2023 WL 3127623, at *3 (E.D. Va. Apr. 27, 2023), *aff'd,* No. 3:23CR57 (RCY), 2023 WL 6881780 (E.D. Va. Oct. 18, 2023) (citing *United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996)).

Regardless, the federal government may relinquish or retrocede exclusive authority over federal property with the agreement of the State. Md. Code Ann., Gen. Prov.§ 6-202 (LexisNexis 2019)[1]. Attached as Exhibit 1 is a letter of August 20, 1976, from Richard L. Roudebush, then-Administrator of the Veterans Administration[2], retroceded and relinquished to the State of Maryland concurrent jurisdiction over "the Veterans Administration Hospital at Perry Point" (now known as the Perry Point Veterans Affairs Medical Center). Retrocession to concurrent jurisdiction became effective upon written acceptance. Then-Governor Marvin Mandel accepted the retrocession to concurrent jurisdiction on September 1, 1976. There is no evidence that the retrocession made between the federal and state governments in 1976 has ever been rescinded.

Attached as Exhibit 2 is the affidavit of James Dellmyer, the State's Attorney for Cecil County. State's Attorney Dellmyer indicated that his office prosecutes crimes that occur at the VA, and that since his office implemented an electronic case management system, his office has prosecuted twenty-five cases that occurred there, not including the cases against Mr. Soper. (Exhibit 2, ¶ 3.)

Since the State of Maryland has concurrent jurisdiction with the federal government over the VA, the State's Attorney for Cecil County is properly prosecuting these criminal cases against Mr. Soper.

---

[1] This section was formerly State Gov't, § 14-102(c).

[2] In March 1989, the Veterans Administration became a cabinet level Department of Veterans Affairs.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendant respectfully requests that this Honorable Court grant its motion to dismiss and dismiss the complaint with prejudice.

                              Respectfully submitted,

                              ANTHONY G. BROWN
                              Attorney General of Maryland

                              /s/ Wendy L. Shiff
                              _____
                              WENDY L. SHIFF
                              Federal Bar No. 09076
                              Assistant Attorney General
                              Office of the Attorney General
                              200 Saint Paul Place, 20th Floor
                              Baltimore, Maryland  21202
                              wshiff@oag.state.md.us
                              (410) 576-6996
                              (410) 576-6955 (facsimile)

January 11, 2024                     Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that, on this 11th day of January, 2024 the foregoing was served by CM/ECF on all registered CMF users and by first-class mail on the following:

>Kevin A. Soper
>704 Cedarday Drive
>Bel Air, Maryland  21015

/s/ Wendy L. Shiff
_____
Wendy L. Shiff