IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEVIN A. SOPER,** | * | |
| *Plaintiff,* | * | |
| v. | * | Case No. 1:23-cv-03271-JRR |
| **STATE OF MD FOR CECIL COUNTY,** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The instant action arises from a criminal proceeding pending against Plaintiff Kevin Soper in the Circuit Court for Cecil County, Maryland. (ECF No. 1.) Pending before the court are Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's Motion to Stay of Lower Court Proceeding. (ECF No. 11.) The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.    BACKGROUND**[1]

On February 22, 2023, the Veteran's Administration Police arrested Plaintiff for an incident that occurred at Perry Point Veteran's Affairs Medical Center located in Perry Point, Maryland. (ECF No. 1 at 1; ECF No. 1-5 at 1.) Plaintiff was transported to Cecil County, Maryland and charged with disorderly conduct pursuant to MD. CODE ANN., CRIM. LAW § 10-201(c)(2) and violations of the Maryland Wiretap Act, MD. CODE ANN., CTS. & JUD. PROC. § 10-402. *Id.* The criminal case is proceeding in the Circuit Court for Cecil County. *Id.* at 2.

---

[1] For purposes of adjudicating the Motion, the court accepts as true the well-pled facts set forth in the Complaint. (ECF No. 1.)

In his Complaint, Plaintiff states that he "comes to the Federal District Court so that this Court can clarify the statutory meanings and limits of certain Federal Statutes related to the actions pending in the Maryland Circuit Court for Cecil County against the Petitioner." (ECF No. 1 at 4.) Plaintiff poses the following questions to the court:

> 1. Does the State or Circuit Court for Cecil County have jurisdiction to effect a criminal prosecution in the absence of the conclusive proof required by Federal Statute of concurrent jurisdiction at the VA Hospital located at Perry Point, Maryland?
>
> 2. Can the State assert jurisdiction under the circumstances here via The Assimilated Crimes Act?
>
> 3. Does The State have Original Jurisdiction via The Assimilated Crimes Act or by other statute or case law to prosecute or, is the State Circuit Court the correct statutory Venue to hear the case supra?
>
> 4. Should The State of Md dismiss all charges of Disorderly Conduct and Md Wiretap violations alleged here for any of the [jurisdictional] issues raised?

*Id.* at 11. Plaintiff claims that the circuit court erred in denying his motion to dismiss. *Id.* Plaintiff further alleges that he is being denied his Fourteenth Amendment due process and equal protection rights. *Id.* at 10. Plaintiff seeks this court to stay the proceedings in state court and dismiss any pending charges in the state court. *Id.* at 11-12.

## II.   LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and

drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations omitted).

### III.   ANALYSIS

#### A.   *Younger* Abstention Doctrine[2]

"Abstention doctrines constitute 'extraordinary and narrow exception[s]' to a federal court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363

---

[2] While Defendant did not raise the issue of *Younger* abstention in its Motion to Dismiss, "[d]istrict courts may raise the issue of abstention *sua sponte*." *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643 n.6 (D. Md. 2015); *see Fiallo v. PNC Bank, Nat. Ass'n*, No. PWG-14-1857, 2014 WL 6983690, at *2 n.1(D. Md. Dec. 9, 2014) ("Although *Younger* is not a jurisdictional doctrine, district courts may raise the issue *sua sponte*."); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir.2013) ("a court may raise the issue of abstention *sua sponte*"). Moreover, the parties addressed *Younger* in their papers on the motion to stay. (ECF Nos. 12 and 13.)

(4th Cir. 2007) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). The Supreme Court has explained abstention as a general concept as follows:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "To cabin [the district court's] discretion and ensure that abstention 'remains the exception, not the rule,' the Supreme Court has 'carefully defined . . . the areas in which such abstention is permissible.'" *Martin*, 499 F.3d at 363 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)).

Relevant here, *Younger v. Harris*[3] "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). In *Gilliam v. Foster*, the Fourth Circuit explained:

> In *Younger*, the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances. Basic tenets of equity jurisprudence dictate that a court "'of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Kugler v. Helfant*, 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975) (quoting *Younger*, 401 U.S. at 43–44, 91 S.Ct. at 750). And, concerns of comity and federalism justify additional caution when a federal court is petitioned to

---

[3] 401 U.S. 37 (1971).

>intervene in a pending state criminal action. *Id.* Consequently, federal courts may intervene in state criminal proceedings, either by way of declaratory relief or by injunction, only when there has been a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54, 91 S.Ct. at 755 (emphasis added); *Kugler*, 421 U.S. at 123, 95 S.Ct. at 1530 ("[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.") (internal quotation marks omitted).

75 F.3d at 903-904.

To determine whether *Younger* abstention applies to the instant case, the court "must determine whether the proceeding [] falls under the three types of proceedings that warrant *Younger* abstention: (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings that are akin to a criminal prosecution in important respects (commonly referred to as quasi-criminal proceedings), and (3) pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022) (citations omitted). If the court determines that the type of proceeding warrants *Younger* abstention, then the court is required to consider the additional factors set forth in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). *Id.* "The three *Middlesex* factors are: (1) whether there is an ongoing state judicial proceeding; (2) whether that state proceeding implicate[s] important state interests; and (3) whether that state proceeding provides an adequate opportunity . . . to raise constitutional challenges." *Id.* (citation omitted). "But even when both steps are satisfied, *Younger* identifies three exceptions to the court's duty to abstain: (1) bad faith or harassment by state officials responsible for the prosecution; (2) a statute that is flagrantly and

patently violative of express constitutional prohibitions; and (3) other extraordinary circumstances or unusual situations." *Id.* (citation omitted).

The *Younger* abstention doctrine applies to the instant case. Plaintiff alleges that he is facing criminal charges, and he instituted this action in attempt to stop the state criminal proceeding against him. (ECF No. 1.) *See Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003), *as amended* (Mar. 11, 2003) (finding that the first factor is satisfied where the plaintiffs "instituted this lawsuit in an effort to stop, and eventually dismiss, North Carolina's pending criminal proceedings against them"). As to the second prong, "[t]he State of Maryland has an important, substantial, and vital interest in preventing violations of its criminal laws." *Mesmer v. Rezza*, Civil Action No. DKC 10-1053, 2011 U.S. Dist. LEXIS 60808, at *6 (D. Md. June 2, 2011); *see Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Nivens*, 319 F.3d at 154 ("Second, North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws."). Lastly, as to the third prong, the Fourth Circuit has stated "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). There is nothing to suggest that Plaintiff is unable to raise the present complaints in the state court proceeding. Indeed, Plaintiff has challenged the case against him in the state court, and he will be able to further challenge the case in any appeal through the state court system.[4] Accordingly, the court finds that *Younger* and *Middlesex* factors are satisfied.

---

[4] To the extent Plaintiff believes the state court erred in its decision regarding jurisdiction, the court cautions Plaintiff that "[t]he *Rooker–Feldman* doctrine provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). "[J]urisdiction to

B.      *Younger* **Exceptions**

Plaintiff contends that exceptional circumstances warrant disregarding *Younger*. (ECF No. 13 at 2.) "The Supreme Court has recognized that in "extraordinary circumstances," federal courts have discretion to disregard the 'strong federal policy against federal court interference with pending state judicial proceedings.'" *Nivens*, 319 F.3d at 154 (quoting *Middlesex*, 457 U.S. at 431). In *Nivens*, the Fourth Circuit explained:

> In *Younger*, the Supreme Court explained the exception to this "strong federal policy":
>
>> "[W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely on his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection."
>
> *Younger*, 401 U.S. at 44, 91 S.Ct. 746 (emphasis added) (quoting *Fenner v. Boykin*, 271 U.S. 240, 243–44, 46 S.Ct. 492, 70 L.Ed. 927 (1926)); *see also Kugler v. Helfant*, 421 U.S. 117, 123–24, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (holding that federal equitable intervention in a state trial may be warranted upon a showing of "bad faith or harassment by state officials," "where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions," or where "other extraordinary circumstances" exist that present the necessary threat of irreparable injury). Thus, a federal court must abstain from interfering with an ongoing state proceeding where a litigant has "an 'opportunity to raise and have timely decided by a competent state tribunal the federal issues involved' and . . . no bad faith,

---

review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)).

7

> harassment, or other exceptional circumstances dictate to the contrary." *Middlesex*, 457 U.S. at 437, 102 S.Ct. 2515 (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973)).

319 F.3d at 154.

There is nothing before the court to suggest that the underlying criminal prosecution was undertaken in bad faith or with the intent to harass. And to the extent Plaintiff contends that the circuit court erred in denying his motion to dismiss and he has suffered irreparable injury because he has incurred costs for defending against the state criminal prosecution, such allegations are insufficient to enjoin the underlying state prosecution. *See Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."); *Doe v. Sorsai*, No. 3:12-CV-00065, 2012 WL 2954107, at *8 (S.D.W. Va. June 18, 2012), *report and recommendation adopted*, No. CIV.A. 3:12-0065, 2012 WL 2952365 (S.D.W. Va. July 19, 2012) ("The inconvenience and cost of mounting a defense, both financially and emotionally, do not constitute irreparable loss sufficient to enjoin a good faith prosecution"); *see also Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) ("The very nature of 'extraordinary circumstances,' of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.").

Accordingly, Plaintiff's allegations are insufficient to satisfy the exception to the *Younger* doctrine, and therefore, the court must abstain from interfering with the ongoing state criminal proceeding. Because the court will grant Defendant's Motion to Dismiss, Plaintiff's Motion to Stay will be denied as moot.

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, Defendant's Motion to Dismiss at ECF No. 8 will be granted, and Plaintiff's Motion to Stay at ECF No. 11 will be denied as moot.

/S/

_____
Julie R. Rubin
United States District Judge

July 2, 2024