

# In The Circuit Court of Maryland for Cecil County

|  |  |  |
|---|---|---|
| STATE OF MARYLAND | * | |
| v. | * | |
| KEVIN A. SOPER(Pro Se) | * | CASE NUMBER: C-07-CR-23-000258/414 |
| Defendant | * | |

## Motion to Disclose Grand Jury Testimony and Minutes and Motion for Hearing

Pursuant to Maryland Criminal Causes Rule 4-642(d), Defendant Motions The Court for production of Minutes and Testimony in the Grand Jury Proceeding which provided for Felony Charges in the above captioned case. Defendant further Motions The Court for a Hearing within 15 days on the this Motion pursuant to Md Rule 4-642(d), and in support thereof state as follows:

Specifically, Defendant requests the following:

(A) Any Sworn Grand Jury Testimony given by any witness The State intends to produce for testimony in the Jury Trial.

(B) Any Sworn Grand Jury Testimony of any alleged victim, in the above captioned case.

(C) Any Minutes noted by a court reporter or any other source during given testimony in any Grand Jury Proceedings relating to the above captioned case.

1. In Maryland, Court and Judicial Proceedings 8-507 governs the content and disclosure of Grand Jury Proceedings. Md 8-507(a) states, " a person may not disclose any content of a Maryland Grand Jury Proceeding". Although Md 8-507(a) is proscribed generally, there are exceptions to this general rule proscribed

in section (c)(2), which states, (c) This section does not prevent", (2) "any other governmental unit or person making a disclosure as authorized by law". In addition to disclosures provided for by law, the Maryland Rules gives trial courts discretion to order disclosure in the interest of the proper administration of justice. Maryland 4-642 provides; "(d) Motion for Disclosure. Unless disclosure of matters occurring before the grand jury is permitted by law without court authorization, a motion for disclosure of such matters shall be filed in the circuit court where the grand jury convened. If the moving party is a State's Attorney who is seeking disclosure for enforcement of the criminal law of a state or the criminal law of the United States, the hearing shall be ex parte. In all other cases, the moving party shall serve a copy of the motion upon the State's Attorney, the parties to the judicial proceeding if disclosure is sought in connection with such a proceeding, and such other persons as the court may direct. The court shall conduct a hearing if requested within 15 days after service of the motion."

2. Long standing policy and law have provided that Grand Jury information be disclosed discreetly and infrequently. *See Dennis v U.S. 384 U.S. 855 1966.* The United States Supreme Court has acknowledged the "long established policy that maintains secrecy of Grand Jury proceedings in Federal Courts". See *United States v Proctor and Gamble, 356 U.S. 677 1958.* While the trend is towards secrecy, Grand Jury testimony is not absolute. *See In Re; Biaggi 478 F 2nd 489 1973.*

3. In deciding whether or not to disclose Grand Jury transcripts or minutes, a Trial Court yet has substantial discretion in making such decisions. *See Causion v State 209 Md Appeals 391 2013.* In U.S. V Universal Mfg Co the Court held that release of Grand Jury materials is likened to discovery in a criminal matter. *525 F 2nd 808 1985*

4. A party must show "…a particularized need for Grand Jury materials before disclosure should be permitted…" *See U.S v Sells Engineering 463 US 418 1983* Under this standard, the Court weighs the public interest against the need for continued secrecy. *See Illinois v Abbolt and Associates 460 U.S. 567 1983.*

5. The Maryland Supreme Court has laid out a 3 part standard for "particularized need" for disclosure in *In Re: Criminal Investigation 437 in Circuit Court for Baltimore City. 316 Md 66 1998. (1) the materials sought is required to prevent a possible injustice, (2) the need for disclosure is in greater need then maintained secrecy and (3) their request is structured to cover only materials so required. In that case, the Court held that a request for 112 documents out of 12 banker's boxes of materials constituted a particularized need. This was judged to be an "infinitesimal part of total submissions" and would not in any way compromise or indicate to any person outside that Grand Jury or outside the confines of those*

*parties in this court what the workings of the Grand Jury were"*

6. In the case supra, a legitimate and particularized need for the materials asked is apparent and clearly meets the 3 part standard test outlined above. As The Md Supreme Court has previously recognized, "...problems concerning the use of grand jury transcript at the trial to impeach a witness, refresh his recollection, to test his credibility... are "cases of particularized need where secrecy of the proceedings is lifted discreetly and limitedly". "The Supreme Court has also observed that the developments in the area of disclosure of grand jury minutes were entirely consistent with the realization that disclosure, rather then suppression of of relevant legal materials, normally promotes the administration of justice" *See Germain v State 363 Md 511, 537 2001*

7. Regardless of which party calls a witness that has testified before a Grand Jury, testing credibility, impeachment and witness recollection as "particularized needs" are well established precedent in Maryland's Supreme Court, Federal Courts and via other Maryland specific Court precedent.

8. Further, Defendant having the ability and disclosure of pertinent information to "confront" his accusers and witnesses against him as a Constitutionally protected Right, which may be impeded should he not have the information available for a felony trial. As to the basis for his criminal charges in the jury trial, Defendant is charged with (8) counts of Felony Wiretap charges by Maryland Statute and it has not yet been disclosed if each charge is formed from 8 actual victims or fewer victims and some number of separate incidents. These details have not yet been disclosed in any charging documents or discovery to date. Release of the information and documents requested will also assist Defendant in forming a defense for a serious felony trial.

Wherefore, Defendant Soper (ProSe) Prays the Court to GRANT this Motion in the interest of justice and the public interest.

Defendant Kevin A. Soper (Pro Se) swears and affirms that the contents of this motion and true and correct to the best of his belief.

Respectfully Submitted, _____  _____

Kevin A Soper        Date

## **CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY, that on this _____ day of May, 2024, a copy of the foregoing Motion to Disclose Grand Jury Testimony and Minutes and Motion for Hearing was SERVED in person to the Office of State's Attorney for Cecil County, Attn: Robert E. Sentman, Esq. ASA at 129 E. Main Street, #3, Elkton, MD 21921.

_____  _____

Kevin A. Soper(Pro Se)            Date