

# In The Circuit Court of Maryland for Cecil County

|  |  |  |
|---|---|---|
| STATE OF MARYLAND | * | |
| v. | * | |
| KEVIN A. SOPER(Pro Se) | * | CASE NUMBER: C-07-CR-23-000258/414 |
| Defendant | * | |
|  | * | |
|  | * | |
|  | * | |

## Motion to Reconsider Defendant's Motion for Discovery

   Pursuant to Md 4-263(j) and Md 4-263(k)(3) defendant in the above captioned case Motions This Court and requests expedited discovery from the State's Attorney for Cecil County Maryland.

 In the Defendant's previous Motion for Discovery, filed on 05/24/24 the following discoverable items were asked for to be provided by the State in good faith.

1. In an Emergency Petition filed by The Defendant in The Federal District Court for Maryland, The Office of State's Attorney has attached to his "Motion to Dismiss" entered by The Clerk on 01/11/2024, an Affidavit therein described as "Exhibit 2". This Motion to Dismiss states that a State's Attorney for Cecil County, James Dellmeyer indicates that he has prosecuted crimes which occurred at the VA Property at Perry Point, Maryland, where the Defendants alleged State crimes also occurred. State's Attorney Dellmeyer states within his Affidavit that since his office implemented Electronic Case Management System that he has prosecuted "at least 25 other criminal cases", not including the Defendants case in this Court, occurring on VA Property. In order for the Defendant to form a defense strategy for his arrests there, he requests that The Office of State's Attorney produce at least 25 such records, including case numbers, of those other crimes which occurred on that Veteran's Administration Property at Perry Point, Md regardless of the nature or disposition of the charges and arrange for delivery to the Defendant. The Affidavit from The Federal District Court is attached here as Exhibit #1.

2. The Defendant requests disclosure of any list of witnesses to include, but not

necessarily exclusive of, Veterans Administration Police Officers and Veterans Administration Staff, to be called by The State's Attorney for Cecil County in the above captioned case.

3. The Defendant requests disclosure of any alleged victims names to be called by The State's Attorney for Cecil County in the above captioned case.

4. Defendant requests all digital audio and video evidence originating from; Police body worn cams, Police dash cams, downloaded audio or video data originating from Defendants confiscated cellular phone device or originating from social media to be used by The State's Attorney at trial.

The State answered the original Motion for Discovery filed on 06/05/24, this Court DENIED the Motion on the same day. The State noted in their answer that the discovery requested above was disclosed but refrains from stating that the previous discovery was provided only to the Defendant's former counsel. The Certificate of Disclosure the State mentions would acknowledge this fact.

However, Any information outlined above that *may* have been previously requested by Counsel for the Defendant or previously released to Defense Counsel pursuant to Md Rule 4-263 has not yet been disclosed to the now Pro Se Defendant. Defendant's prior counsel has released some information to Defendant but no such information he has requested, as outlined above, has been discovered by him. No certificate acknowledging that the Pro Se Defendant has received ANY discovery provided by the State exists.

The State further claims in it's answer that the material asked for by way of Discovery by the Defendant is not discoverable under 4-263. However, Md Rule 4-263(d) clearly states, "**Disclosure by the State's Attorney.** *Without the necessity of a request*, the State's Attorney *shall* provide to the defense: (3)*State's Witnesses*. As to each State's witness the State's Attorney intends to call to prove the State's case in chief or to rebut alibi testimony: **(A) the name of the witness;(B)** except as provided under Code, Criminal Procedure Article, § 11-205 or Rule 16-934, the address and, if known to the State's Attorney, the telephone number of the witness; and**(C) all written statements of the witness that relate to the offense charged;**"

Md Rule 4-263 also provides as discoverable; "(7)*Searches, Seizures, Surveillance, and Pretrial Identification.* All relevant material or information regarding: **(B)** *pretrial identification of the defendant by a State's witness including, if the pretrial identification involved participation by personnel from a law enforcement agency, (i) a copy of or an electronic link to the written policies relating to eyewitness identification required by Code, Public Safety Article, §§ 3-506 and 3-506.1, and (ii) documents or other evidence indicating compliance or non-compliance with the requirements of Code, Public Safety Article, §§ 3-506 and 3-506.1;*

Md Rule 4-263 finally provides; "*(9)Evidence for Use at Trial. The opportunity to inspect, copy, and photograph all documents*, computer-generated evidence as defined in Rule 2-504.3*(a), recordings, photographs, or other tangible things that the State's Attorney intends to use at a hearing or at trial;* and*(10)Property of the Defendant. The opportunity to inspect, copy, and photograph all items obtained from or belonging to the defendant, whether or not the State's Attorney intends to use the item at a hearing or at trial.*

Items 2 – 4 as requested for Discovery by Motion CLEARLY fall under the provisions of the Md Rule as outlined above, contrary to the State's answer.

Further, Md Rule 4-263(k)(2) states, in part that , " On request, the party generating the discovery material *shall* make the original available for inspection and copying by the other party." This rule makes no mention of timing for such a request. Withholding such information is prejudicial to a defendant, especially given the seriousness of the charges brought by the State that they, in good faith and in the interest of justice and the Defendant's Due Process, should be willing to provide such information as requested with no resistance.

Therefore, Since the State is reluctant to provide this Discovery, Defendant prays this Court to GRANT Defendant's Motion to Reconsider his Motion for Discovery in the interest of Justice and a fair due process.

Defendant Kevin A. Soper (Pro Se) swears and affirms that the contents of this motion and true and correct to the best of his belief.

Respectfully Submitted, _____  _____

                         Kevin A Soper       Date