

# In The Circuit Court of Maryland for Cecil County

|  |  |  |
|---|---|---|
|  | * |  |
| STATE OF MARYLAND | * |  |
| v. | * |  |
| KEVIN A. SOPER(Pro Se) | * | CASE NUMBER: C-07-CR-23-000258/414 |
| Defendant | * |  |
|  | * |  |
|  | * |  |
|  | * |  |

## Affidavit in Support of Defendant's Motion to Recuse

   Comes now, Affiant Kevin A Soper (Pro Se), who hereby swears and affirms that the following facts and statements are made on the record in The Circuit Court of Maryland for Cecil County are true under penalty of Perjury.

   Since Defendant Soper's Motion to proceed Pro Se in December of 2023, subsequent to the quitting of his attorney, the actions of the Judge in the case, Hon Keith Baynes have given the appearance of bias due to his actions as outlined below. Had there been merely a few "bumps" in the road of due process towards Defendant Soper it may have gone unnoticed. However, there has been a consistent series of rulings and actions by the Judge on the record that would lead one to believe that a bias exists.

### Factual Basis

1. During the time that Defendant Soper was represented by Counsel, there were no less then 5 motions submitted to this Court. All of the procedural Motions, such as directed for a speedy trial and discovery and a few postponements of trial as agreed to by the State in email correspondences with Defense Counsel, all those motions were granted as per normal.
2. Then, on 9/13/23 Defense Counsel began submitting a series of Motions challenging this Court's Jurisdiction over the federal property where the Defendant's arrest and alleged criminal acts took place as well as some of the circumstances challenging the validity of the arrests, additional charges added after the arrest and the following Grand Jury Indictments handed down to the Defendant.

3. As Jurisdiction on federal properties can sometimes be a complicated issue, both defense Counsel and Counsel for the State agreed via emails to some postponements and both worked diligently to discover the facts surrounding the issues of jurisdiction.
4. Defendant's Counsel's Motions were not frivolous nor designed to delay the jury trial. However after an extensive search, no record of Concurrent jurisdiction over the Federal property, pursuant to Federal Statutes was immediately found. The only document found that satisfied the Federal Statute was for a 40 acre piece of land cut from the VA Hospital properties over 500 acres of deeded land for use by the State for a State Park. A Motion to Dismiss was resubmitted stating this fact and was denied as well as other factual issues and it was denied the following day with no answer from the State.
5. 6 days later, Defendant's Counsel quit the case. Defendant Soper then submitted his own Motion to Dismiss more clearly stating that the Federal Statute regarding concurrent jurisdiction and the lack of evidence supporting the State's allegation that concurrent jurisdiction existed. Mr Soper on 11/28/23 submitted (3)other Motions to (1) Proceed Pro Se, (2) to have the jury trail which was scheduled for some 9 days later delayed and to (3) release his Counsel from the case. Defendant's Counsel had just filed a Motion to Withdraw himself the previous day on 11/27/23.
6. Defendant Counsel's Motion to Withdraw was granted and Defendants Motion to Dismiss was denied and the Defendant's other (3) motions were to be heard at a Pretrial Conference with Judge Baynes and there was also scheduled a Postponement Hearing with Judge Sexton the following week.
7. On 12/03/23 an Emergency Petition to the Federal District Court for Maryland regarding jurisdiction and other factors was filed by the Defendant.
8. During the Postponement Hearing AND the Pretrial Conference, which both took place on 12/04/23 and both scheduled at 1:30PM, the Defendant attempted to give both the State Prosecutor and Judge Baynes a copy of the Federal Emergency Petition to have the Petition acknowledged on the State Record and as a courtesy to the Judge and the State to, in good faith, make them both aware of the Federal Petition. The Judge stated on the record that he already had knowledge of the petition and "didn't want it". However the Defendant insisted and handed the petition to the bailiff who then handed it to Judge Baynes. The State received their copy willingly. How the Judge knew about the petition that afternoon, when the State's Attorney General's Office wasn't served until 12/22/23 with the Federal Petition, remains unclear.
9. At the 12/04/23 Hearing with Judge Baynes, Defendant for the 2nd time waived his Hicks Rule rights which was entered by the Clerk on 12/05/23 and the jury trial was reset for 02/28 -02/29/24.
10. There was a Ruling entered on the Maryland Judiciary public record on 12/18/23 but Defendant has no knowledge of the ruling and never received a mail about it. His address of record has not changed his before charged were levied against him. Defendant today has applied to The Circuit Court Clerk for electronic access to his case files of record
11. On 02/20/24, Defendant entered a Motion for Continuance to this Court, without an answer filed from the State it was denied on the same day.
12. There was a Correspondence filed on 02/22/24 and a ruling on the same day.
13. On 02/26/24 there was a Pretrial Hearing held. At that Hearing, Defendant desired to get some facts and other information on the record and also asked Judge Baynes for a postponement because he had been unable to acquire counsel and the Federal Petition appeared at the time to be ripe for a ruling there as the State had already filed a Motion to Dismiss asking for a conclusion and Defendant had responded asking for Summary Judgment. Defendant also asked

for Stay of Lower Court Proceeding by this time. Defendant had other facts directly pertaining to this case to get on the record such as the State's acknowledgments about the Federal Assimilated Crimes Act. Judge Baynes became angry and cut of Defendant's attempts by asking him to waive his Hick's rights. This would have been the third time Defendant had wived Hick's so as an unrepresented Defendant asked why he had to do that. Judge Baynes became noticeably and outwardly angry. The Judge threatened the defendant stating the if he didn't waive Hick's that he would send him to trial in 2 days. Defendant responded, "You would send me to trial without a lawyer, I'm just trying to understand".

14. Judge Baynes during this event slammed both hands on the bench hard enough to raise himself out of his seat and became very loud in his language. Defendant was merely trying to understand the event and felt coerced by the Judge. Defendant, again, waived Hicks and the Trial was postponed to 06/26-06/27/24 with a pretrial Hearing set for 06/24/24.
15. Defendant has further attempted to obtain counsel for his Trial having contacted no less then 8 local lawyers claiming to have experience in both Maryland Wiretap and Federal Constitutional Rights attorneys without success. So the defendant has conceded that he must go to trial unrepresented.
16. On 05/24/24, Defendant Pro Se filed with the Court (2) Motions. One Motion was a Motion for Discovery. Defendant has asked his former counsel many times for a complete folder on this case that should contain certain standard discovery information but has received very little. In fact only a few pages were produced. Defendant motioned the Court to compel the State for certain items important to his defense such as a witness and victim lists the State planned to use and video or audio he planned to use as well. The Motion is well argued using State Rules and it will prejudice the defense if this information is not produced in a timely manner.
17. In that same Motion is a request for the State to produce information unavailable to the Defense but which was claimed by the State in the Federal Petition case where Cecil County ASA Dellmeyer produced an Affidavit and claimed that there had been some 25 cases where the State prosecuted charges against defendants at the Perry Point VA as they have the Defendant. These facts were contained in the defendant's Discovery Motion. The State answered saying that some of that information had been produced already. But, again, the defendant is not privy to any of it still.
18. Judge Baynes refused to consider the Motion. The Defendant called the Clerk to see why it was denied as that is what it appeared on Md Judiciary Case Search and the Clerk advised him that the Judge would not consider the motion and he should file that discovery in the Federal Court! The Defendant did not take the Judge's legal advise(which was printed directly on the Motion in the Clerk's file) as both parties in the Federal Court have asked for Judgment on that matter.
19. The other Motion filed that day was a Motion to Disclose Grand Jury Testimony and Minutes. This motion was specifically for testimony and minutes relating to any witnesses or victims in the Defendant's State Prosecution. This too was denied with no reasoning by the Judge on the record.
20. On 06/10/24, Defendant submitted (2) Motions to reconsider the two discovery Motions with additional reasoning for them. Both were denied on the same day they were submitted.
21. On 06/11/24, Defendant submitted his Voir Dire request and another Motion. This Motion to Strike attacks any video or audio footage the State may use that was derived from the Videos produced and published by the Defendant from the incident(s) that brought both the original charges and the Grand Jury Charges as a matter of Law. This Motion, again, was denied on the same day it was submitted.

## Arguement

Defendant throughout this case has been active in his defense both represented and as a Pro Se party. However, through the actions of his former counsel and of late the actions by Judge Baynes has been prejudiced in his defense against serious felony charges and a misdemeanor lodged against him by the State. Judge Baynes has made no effort in his denials of the Defendant's Motions to make a record of his reasoning for those denials. Some of the Motions submitted are a matter of law. Discovery, by Md Rule, is an ongoing process and the Defendant should have an opportunity to see that information in order to form a defense. Striking the videos that may be used by the State is also a matter of law. Judicial conduct is governed by Mr Rule 18-101.1 which states, "A judge shall comply with the law, including this Code of Judicial Conduct". Here in this Affidavit,we see violations of Md Court Rules Section 18 Md Code of Judicial Conduct. Starting with 18-101.2(b) which states, " Avoiding Perception of Impropriety. A judge shall avoid conduct that would create in reasonable minds a perception of impropriety." Footnote (5) in the same rule states, *"[5] Actual improprieties include violations of law, Court Rules, and this Code. <u>The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with competence, impartiality, and integrity is impaired.</u>"*

Md Rule 18-102.3 Footnote 2 states, *"[2] A judge must avoid conduct that may reasonably be perceived as prejudiced or biased. Examples of manifestations of bias or prejudice include epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; <u>threatening, intimidating, or hostile acts;</u> suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. <u>Even facial expressions and body language can convey to parties and attorneys in the proceeding, jurors, the media, and others an appearance of bias or prejudice.</u>* This exact kind of behavior was observed with Judge Baynes outburst at the February Hearing.

Md Rule 18-102.6 states, "(a) A judge shall accord to every person who has a legal interest in a proceeding, or that person's attorney, the right to be heard according to law." Judge Baynes ahs given the impression through his action with both Hearings and Motions that the Defendant (Pro Se) will not be heard. Footnote (2) of the same Rule states, *"Increasingly, judges have before them <u>self-represented litigants</u> whose lack of knowledge about the law and about judicial procedures and requirements may inhibit their ability to be heard effectively. <u>A judge's obligation under Rule 18-102.2 to remain fair and impartial does not preclude the judge from making reasonable accommodations to protect a self-represented litigant's right to be heard, so long as those accommodations do not give the self-represented litigant an unfair advantage. This Rule does not require a judge to make any particular accommodation.</u>"*


Md Rule 18.102.8 states, "(b) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, attorneys, court staff, court officials, and others with whom the judge deals in an official capacity, and shall require similar conduct of attorneys, court staff, court officials, and others subject to the judge's direction and control." Defendant only asks to be heard with dignity and for a Judge to make some kind of reasoning on the record when he denies Motions so that the Defendant's defense is not prejudiced.

Md Rule 103.10 states, "(a)In General. Except as expressly allowed by this Rule, *a judge shall not practice law.*" Judge Baynes' recommendation to take a Motion directed to a State Court to the Federal Court where both parties have asked for judgment, besides being "snarky", is giving legal advice from the bench. Poor advice at that. The Motion for Discovery contained not only the information asked for regarding an ASA's Affidavit on the record in a higher Court but also contained other requests such as disclosure of witnesses, victims and electronic data that a Federal Court would have no jurisdiction to order. This is a clear practice of law as defined in Md Code of Business Occupational and Professional Regulations Section 10-101(h) which states, "(1) "Practice law" means to engage in any of the following activities: (i) giving legal advice" and goes on to state, "(2) "Practice law" includes: (iv) giving advice about a case that is or may be filed in a court."

## Conclusion

Finally, Defendant would direct this Court to a recently published Opinion produced by Maryland Judicial Ethics Committee, Opinion Request Number: 2023-32 Date of Issue: October 24, 2023, which wholly supports the arguments made in this Affidavit. Some of the Committee statements regarding Practice of Law in Md and Judicial conduct in Md directly support the arguments herein.

For the reasons stated herein, Defendant Soper(Pro Se) requests the Circuit Court for Cecil County, Md to GRANT defendants Motion to Recuse.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this document are true.

_____     _____
            Kevin A. Soper                              Date