**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN A. SOPER, | * |
|     *Plaintiff*, | * |
|     v. | *  No. 1:23-cv-03271-JRR |
| | * |
| STATE OF MARYLAND FOR CECIL COUNTY, | |
| | * |
|     *Defendant*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant, State of Maryland for Cecil County[1], by its undersigned counsel files this response in opposition to plaintiff's motion for reconsideration of the Court's Memorandum Opinion and Order of July 2, 2024 (ECF 15 & 16.).

On July 29, 2024, Plaintiff filed a motion for reconsideration asking this Court to reverse its earlier decision dismissing his case with prejudice. Plaintiff filed his complaint asking this Court to determine that the State of Maryland did not have jurisdiction to prosecute him for alleged crimes that occurred at the Veteran's Administration Hospital at Perry Point (ECF 1.)

---

[1] The correct name for defendant is either State of Maryland or State's Attorney for Cecil County.

**ARGUMENT**

Rule 59(e) permits this Court to alter, amend or vacate a prior judgment.  *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied,* 132 S. Ct. 115 (2011).  A final judgment may be amended under Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Worsham v. Discount Power, Inc.*, Civil Action No. RDB-20-0008, 2022 WL 1155901 (D. Md. April 19, 2022) (citing *Gagliano v. Reliance Std. Life Ins. Co.,* 547 F.3d 230, 241 n.8 (4th Cir. 2008); *Fleming v. Maryland Nat'l Cap. Park & Planning Comm'n*, DKC-11-2769, 2013 WL 128l77387, at *1 (D. Md. Mar. 8, 2012).  "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Worsham*, 2022 WL 1155901 at *3 (citing *Pac. Ins. Co. v. American Nat. Fire Ins. Co*, 148 F.3d 396, 403 (4th Cir. 1998).

The arguments in plaintiff's motion for reconsideration were addressed in this Court's Memorandum Opinion.  He has not (1) cited an intervening change in controlling law; (2) presented new evidence that could have been brought to the Court's attention prior to its ruling; or (3) indicated why the Court's ruling was a clear error of law.  Under Rule 59(e), his motion must fail.  "A motion to reconsider is not a license to relitigate matters that have already been presented, considered, and decided." *Id*.  at *4 (citing *Saunders v. Prince George's Pub. Sch. Sys.*, No. RWT 08-cv-501, 2011 WL 4443441 at *1 (D. Md. Sept. 21, 2011).

## CONCLUSION

This Court should deny the motion for reconsideration.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Wendy L. Shiff

_____

WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

July 30, 2024                                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that, on this 30th day of July, 2024 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff
_____
Wendy L. Shiff