In Re; State of Md v Soper
Federal District Court for Md. Case <u>23-cv-3271-JRR</u>

**Re; Emergency Petition in The U.S. Federal District Court for Md.**

Re: State of Md for Cecil County v Kevin A Soper(Pro Se)
Md Circuit Court Case Number C-07-CR-23-000258/414

## Plaintiff's Response to Defendant's Opposition to FRCP Rule 59 Motion

1. Defendant State of Maryland for Cecil County's answer to Plaintiffs Rule 59 Motion lays out an uncomplicated argument. The State proffers that the Plaintiff has no leave to file a Rule 59 Motion and points out (3) exceptions to when a Rule 59 Motion is properly brought. Defendant states that none of the exceptions apply to Plaintiff's Rule 59 Motion. One exception is, "to accommodate an intervening change in controlling law". Plaintiff makes no claim to that exception here.

2. Another exception is, "to account for new evidence not available at trial". New evidence was brought by the Plaintiff not to argue the merits of the case, but rather to support the allegations in his Rule 59 Motion in support of his contention that the Younger Doctrine Exception(s) likely apply to the Judge's Memorandum Opinion and Order dismissing this case without prejudice[1].

3. The State's argument that the evidence attached as Exhibits to Plaintiff's Rule 59 Motion were not "new" evidence is incorrect. Plaintiff was only made aware of the majority of that evidence after the June 24th Hearing and after he was alerted to his having access to the Maryland Electronic Court Records via the internet. This was some 9 days prior to this Court's Order and Opinion being entered. The remaining evidence was brought only in support of Plaintiff's Rule 59 Motion, which was timely filed. Plaintiff in that time was authoring a Judicial Notice to inform the Court of those new facts and documents presented in the Rule 59 Motion for a ruling on the Merits of the Petition[ECF 1]. The question of it's availability is moot if the argument is new, such as Younger is, to this case.

4. Although the Plaintiff's new evidence is used in support of the Rule 59 Motion, it may also be applied to the merits of the case should we arrive there. Plaintiff is not

---
[1] Defendant incorrectly states in their reply that Plaintiff's Case was dismissed by this Court "with prejudice".

asking the Court to review any of this evidence and apply it to the merits of the Petition[ECF 1], but only as it applies in support of the Rule 59 Motion.

5. The third exception pointed out by the Defendant is, "to correct a clear error of law or prevent manifest injustice". Should this Court find any of the claims in the Rule 59 Motion affirmed, then a clear error of law, that being the application of Younger in light of the exceptions with new evidence, would be corrected. Plaintiff clearly presents his Rule 59 Motion in the light of both "new evidence" and a "clear error" of law regarding the application of the Younger Doctrine. Therefore, no "relitigation of old matters or raising of arguments or presenting of evidence that could have been raised prior to the entry of judgment" has happened here.

6. Finally, the Defendant recites that, "A motion to reconsider is not a license to relitigate matters that have already been presented, considered, and decided." No litigation of the Younger Doctrine's application to Plaintiffs Petition in light of the new evidence provided has occurred. "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1." *Worsham v. Discount Power, Inc*, CIVIL ACTION RDB-20-0008, (D. Md. Dec. 1, 2021). Therefore, Plaintiff's Rule 59 Motion should be GRANTED.

7. Defendant curiously presents no argument regarding the merits of Plaintiff's Rule 59 Motion and since Plaintiff meets (2) qualifying exceptions(that being both new evidence and clear error in light of that new evidence) in favor of his Rule 59 Motion, Plaintiff prays the Court to consider the Rule 59 Motion on it's merits regarding Younger and issue an Order re-opening the case and forming an Opinion and Order on the merits of the Plaintiff's Petition[ECF 1]. Plaintiff further prays the Court to consider the new evidence presented in his Rule 59 Motion in it's consideration of his original Petition[ECF 1] OR for leave to Amend his original Petition to add the new evidence and argument(s) presented in his Rule 59 Motion.

Plaintiff, Kevin A. Soper(Pro Se), swears and affirms that the contents of this Motion are true and correct to the best of his knowledge and belief. Respectfully Submitted,

_____   7/31/24

**Kevin A Soper(Pro Se)**         **Date**
704 Cedarday Dr
Belair, Md 21015

## CERTIFICATE OF SERVICE

I certify that, on this 31st day of July, 2024 the foregoing was served by CM/ECF on all registered CMF users.

_____     _7/31/24_____
Kevin A Soper (Pro Se)                              Date