IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KEVIN A SOPER,**

    *Plaintiff*,

v.                                                                    Civil No.: 1:23-cv-03271-JRR

**STATE OF MARYLAND FOR
CECIL COUNTY,**

    *Defendant.*

## ORDER

The court has before it *pro se* Plaintiff Kevin Soper's "FRCP Rule 59 Motion" (ECF No. 17; the "Motion for Reconsideration") and Motion for Stay (ECF No. 28; "Motion for Stay"). The court has reviewed all submissions; no hearing is necessary. Local Rule 106.5 (D. Md. 2023).

On December 4, 2023, Plaintiff initiated this action against Defendant State of Maryland for Cecil County, seeking the following relief:

> 1. Petitioner prays the Federal District Court to direct the Md Circuit Court to immediately stay all further proceedings until such time as The Federal District Court can make a ruling on the questions presented herein.
> 2. Petitioner [sic] prays The Federal District Court to direct the State Circuit Court to proceed only after this Court has ruled on this Petition.
> 3. Petitioner prays the Court to reclaim it's [sic] Original Jurisdiction in this action and to direct The State Circuit Court to Dismiss without further delay the charges pending in that Court, without prejudice [sic], so that The Local Federal Prosecutor may entertain the federal charges that may apply to the Petitioner's actions on the day of his original arrest.
> 4. Petitioner prays The Federal District Court to schedule a Hearing, as the Court may require, for purposes of further fact finding should it require more information to act upon this Petition.
> 5. Petitioner prays The Federal District Court any further relief The Court should find neccesary [sic] to expedite or grant this Petition.

(ECF No. 1 at p. 11–12.) In short, and as this court previously noted, Plaintiff instituted this action in an attempt to stop a state criminal proceeding against him. (ECF No. 15 at p. 6.)

On January 11, 2024, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) On July 2, 2024, the court granted the motion to dismiss, concluding that the *Younger* abstention doctrine applied to bar the court from enjoining the state's prosecution in a pending state criminal proceeding. (ECF Nos. 15, 16.) On July 26, 2024, Plaintiff filed the Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 17.) Federal Rule of Civil Procedure 59(e) applies to final judgments and provides that: "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e); *see Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 59(e) is equally applicable only to a final judgment.").

Thereafter, Plaintiff filed his Motion for Stay, asking the court to stay his sentencing in the state court action after he was found guilty of eight counts of violating the Maryland Wiretap and Electronic Surveillance Act. (ECF No. 28.) He then filed correspondence asking the court to take judicial notice of his sentencing that occurred on October 15, 2024. (ECF No. 30.) Accordingly, the state criminal cases at issue were closed as of October 15, 2024.[1]

The court appreciates that Plaintiff has asked the court to reconsider its holding as to the *Younger* abstention doctrine; however, Plaintiff's action in this court and the relief that he seeks have been rendered moot by the conclusion of his state criminal proceeding. As the Fourth Circuit recently explained:

---

[1] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

> Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender*, 475 U.S. at 541, 106 S.Ct. 1326. Article III limits the federal judicial power to "Cases" or "Controversies." *Chafin v. Chafin*, 568 U.S. 165, 171–72, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013); *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013). The case or controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). A case or controversy dissipates when it becomes moot; that is "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). For mootness to occur, events transpiring while the matter is pending must "make[ ] it impossible for the court to grant any effectual relief to the plaintiff." *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)). Since mootness depends on the court's ability to grant effectual relief, it follows that mootness hinges on the type of relief sought. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (holding that a person previously subjected to a police chokehold lacked standing to seek injunctive relief, as opposed to damages, since he had not articulated a "real and immediate threat" of being once again subject to the challenged chokehold).

*Lancaster v. Sec'y of Navy*, 109 F.4th 283, 288–89 (4th Cir. 2024).

In the present action, Plaintiff sought relief in the form of this court's intervention to stop his then-pending state criminal proceeding (hence the court's application of the *Younger* abstention doctrine). As the state criminal proceeding has now concluded, request for such relief is moot. Plaintiff is of course entitled to file a separate action for alternative relief should he so chose; however, the court makes no finding as to whether any basis exists for such action. Plaintiff is again cautioned that, generally, pursuant to the *Rooker-Feldman* doctrine, a federal district court is barred from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

3

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

It is, therefore, this 21st day of November 2024:

**ORDERED** that Plaintiff's Motion for Reconsideration at ECF No. 17 shall be, and is hereby, **DENIED AS MOOT;** and further it is

**ORDERED** that Plaintiff's Motion for Stay at ECF No. 28 shall be, and is hereby, **DENIED AS MOOT**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE THIS CASE**.

/S/
_____
Julie R. Rubin
United States District Judge